PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK M. KALAN, | ) | |
| | ) | CASE NO. 4:25CV2296 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CITY OF YOUNGSTOWN ZONING | ) | |
| DEPARTMENT, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 2] |

On October 24, 2025, *Pro Se* Plaintiff Frank M. Kalan filed a Complaint (ECF No. 1) against the City of Youngstown Zoning Department, indicating that the basis for jurisdiction is a federal question. See ECF No. 1 at PageID #: 18, § II. The Complaint (ECF No. 1), however, does not set forth allegations indicating that, or how, conduct or decisions of the Zoning Department violated federal law or his federal rights. In his Statement of Claim, he simply states that his home at 311 Broadview Avenue was demolished on October 26, 2024; that housing police only informed him the previous day to retrieve his belongings; that he believes this was "malicious;" and, that he had previously been promised by the Mayor's Office that the house would not be demolished. See ECF No. 1 at PageID #: 19, § III. Plaintiff appears to seek monetary relief. See ECF No. 1 at PageID #: 19, § IV. For the reasons set forth below, the Court dismisses the Complaint (ECF No. 1).

(4:25CV2296)

## I.

Plaintiff did not pay the filing fee in the case at bar, but instead filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). Although Plaintiff did not completely fill out the Application, the Court will grant it.

## II.

As Plaintiff has been apprised by the undersigned in prior dismissed cases he has filed in this Court, the liberal standard of review generally accorded *pro se* pleadings has limits, and district courts are expressly required under 28 U.S.C. § 1915(e) to review all *in forma pauperis* actions filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Kalan v. City of Youngstown*, No. 4:23CV1654, 2023 WL 8717492, at *1 (N.D. Ohio Dec. 18, 2023) (Pearson, J.); *Kalan v. City of Canfield*, No. 4:15CV0789, slip op. at 2 (N.D. Ohio Aug. 28, 2015) (Pearson, J.); *Kalan v. Colucci*, No. 4:13CV2492, 2014 WL 4066261, at *2 (N.D. Ohio Aug. 18, 2014) (Pearson, J.).

To state a claim in federal court, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and its factual allegations must be sufficient to raise the right to relief above the speculative level on the assumption that the allegations in the complaint are true. *Kalan*, 2014 WL 4066261, at *2 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). This requires that a pleading provide more than "an unadorned, the-defendant-unlawfully-harmed-me

(4:25CV2296)

accusation," and a pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet federal pleading standards. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Complaint (ECF No. 1) fails to meet basic federal notice pleading standards and fails to state a plausible federal claim upon which Plaintiff may be granted relief. *See Kalan*, 2023 WL 8717492 (dismissing similar action filed by Plaintiff purporting to allege federal claims on the basis that another house was demolished).

### III.

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   January 21, 2026 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

3